| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | IN THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Benjamin P. Fields, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff, | ) | |
| | ) | C/A No.: 2017-CP-40-00125 |
| vs. | ) | |
| | ) | |
| Richland County Sheriff Department, Richland | ) | |
| School District Two, and Leon Lott, | ) | |
| Defendants. | ) | |

| Submitted By: Ryan K. Hicks | SC Bar #: | 100941 |
|---|---|---|
| Address: Cromer Babb Porter & Hicks, LLC | Telephone #: | 803-799-9530 |
| P.O. Box 11675 | Fax #: | 803-799-9533 |
| Columbia, SC 29211 | E-mail: | rhicks@cbphlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** *(Check all that apply)*

☒ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _/s/ Ryan K. Hicks_     **Date:** January 10, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Benjamin P. Fields,<br><br>                Plaintiff,<br><br>v.<br><br>Richland County Sheriff's Department, Richland School District Two, and Leon Lott,<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS<br>IN THE FIFTH JUDICIAL CIRCUIT<br>CASE NO. 2017-CP-40-00125<br><br>**SUMMONS** |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      CROMER BABB PORTER & HICKS, LLC

                                      BY: _____
                                           J. Lewis Cromer (#1470)
                                           Ryan K. Hicks (#100941)
                                           1418 Laurel Street, Suite A
                                           Post Office Box 11675
                                           Columbia, South Carolina 29211
                                           Phone  803-799-9530
                                           Fax     803-799-9533
                                           *Attorneys for Plaintiff*

January /*_*/, 2017
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br>CASE NO. 2017-CP-40- 00125 |
| Benjamin P. Fields,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Richland County Sheriff Department,<br>Richland School District Two, and Leon Lott,<br><br>　　　　　　Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendant herein, would respectfully allege as follows:

## PARTIES AND JURISDICTION

1.　　Plaintiff, Benjamin P. Fields (hereinafter "Plaintiff"), is a citizen and resident of Richland County, South Carolina.

2.　　Defendant, Richland County Sheriff Department (hereinafter "RCSD"), is a law enforcement agency located within Richland County, South Carolina.

3.　　Defendant, Richland School District Two (hereinafter "Richland Two"), is a political subdivision of the State of South Carolina that provides public educational services to students residing within its boundaries in Richland County, South Carolina.

4.　　Defendant, Leon Lott (hereinafter "Lott"), is the Sheriff of Richland County, South Carolina. Upon information and belief, Defendant Lott is a citizen and resident of Richland County, South Carolina.

5.　　This action arises under 42 U.S.C. § 1983 and the common law of the State of South Carolina.

6. Jurisdiction and venue are proper because the parties have sufficient connections to this circuit and the events giving rise to this action occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

7. The Plaintiff began his employment with the Defendant RCSD in January 2004 when he was hired as a law enforcement officer. Most recently, Plaintiff served as a School Resource Officer located at Spring Valley High School – a position he held for approximately seven (7) years.

8. Prior to the events discussed herein, Plaintiff maintained an exemplary work record with Defendant RCSD; he had not received any formal write-ups or reprimands and had been exonerated from all prior complaints, if any.

9. At the beginning of the 2015-2016 school year, Plaintiff was one of two School Resource Officers located at Spring Valley High School.

10. Jamal Bradley was the other School Resource Officer located at Spring Valley High School. Bradley was going into his fifth (5th) year as a School Resource Officer; upon information and belief, Bradley reported to Plaintiff.

11. In addition to serving as a School Resource Officer, Plaintiff was further employed by Defendant Richland Two as a conditioning teacher and football coach. In response to his employment with Richland Two, Plaintiff received paid compensation and retirement benefits.

12. On October 26, 2015, Karon Webb, an Assistant Administrator with Spring Valley High School, came over the radio and requested assistance from a School Resource Officer in response to a disruptive student.

13. In pertinent part, the subject student kept pulling out her cell phone during class and causing a disruption. Despite requests from the teacher to put the phone away, the student refused to do so.

14. Rather than provide assistance, Bradley ignored the same. Accordingly, Plaintiff proceeded to stop what he was currently doing and provide assistance.

15. Plaintiff met with Webb and the teacher, Bob Long, at the classroom and briefly discussed what was going on.

16. Plaintiff then attempted to speak with the student causing the disruption. Notably, Plaintiff recognized the subject student as he had prior dealings with the student including addressing her involvement in school fights, etc.

17. Plaintiff was further aware the subject student had at least one prior issues of having assaulted a police officer while a student at E.L. Wright Middle School.

18. As Plaintiff approached the subject student, he stated to her that 'she knew him,' 'they could work this out,' and 'for her to come with him.' The student continued to refuse to cooperate.

19. Plaintiff then engaged in soft empty hand control in an attempt to remove the subject student from the desk so he could remove her from class. Plaintiff's primary purpose of removing her from class was to put an end to the disruption and allow the class to resume.

20. When Plaintiff attempted to remove the subject student from her desk, the student began to fight back, including striking Plaintiff in his face. Plaintiff then brought the student to the front of the classroom and placed her under arrest.

21. Notably, a video exists and has previously been produced by media outlets showing parts of the interaction.

3

22. Following the incident, the subject student was escorted to Bradley's office. Shortly thereafter, Plaintiff met with her in his office where he proceeded to complete any and all applicable paperwork and incident reports per Defendant RCSD policy.

23. While meeting with the subject student, she apologized for her actions and indicated that she was having a bad morning.

24. Upon completing his paperwork, the subject student's guardian arrived at the school to take her home. Upon information and belief, Defendant Richland Two was going to put her up for expulsion. During this time the guardian indicated to Plaintiff her concern that the subject student was acting out again and her belief that the subject student needed to be subjected to disciplinary action.

25. Plaintiff resumed his normal job duties for the remainder of the school day.

26. That afternoon, Plaintiff reported to football practice as normal. At that time, Plaintiff learned that his actions that morning were potentially being questioned.

27. Plaintiff was asked to attend a meeting with the Principal of Spring Valley High School and his supervisor, Captain Jon Ewing. Captain Ewing informed Plaintiff that Internal Affairs was conducting a brief investigation and that it was his intention that Plaintiff return to Spring Valley High School the following day.

28. At the conclusion of the meeting, Plaintiff was informed and believed he was to report to Spring Valley High School the following day.

29. On the evening news Defendant Lott stated that Plaintiff had been placed on suspension without pay pending investigation. At the time of Lott's comments, Plaintiff had not been informed by Defendant RCSD that he had been suspended.

30. Plaintiff was subsequently contacted by Captain Ewing and instructed to report to Headquarters in full uniform the following morning.

31. At the meeting on October 27, 2015, Plaintiff was informed that he would be placed on desk duty while the incident was investigated. Plaintiff requested and was permitted to take personal leave in lieu of the same.

32. Unbeknownst to Plaintiff, on October 27, 2015, Captain Flowers, the Training Captain, issued a memorandum to Major Steward concerning the incident involving Plaintiff the day prior. In pertinent part, the memorandum provided the following:

> When S/Dep. Fields approached [the subject student], she demonstrated Verbal Non-Compliance by refusing to get up and saying she was not under arrest. According to Policy 601, Fields had the option of using verbal warning, OC, Taser or soft empty hand control. Fields responded with what appeared to be soft empty hand control in the form of an arm bar (attempting to pull her out of her desk). At that time, [subject student] started to pull away, push the desk backwards and even appeared to strike Fields in the neck area. This is, at the very least, Defensive Resistance, and possibly Active Aggression. According to policy, Fields had the option of using OC, Taser, soft empty hand control, hard empty hand control, or Canine. Fields responded with a takedown, which is hard empty hand control. Once down on the ground, Fields appeared to pull her away from the desk and throw her towards the front of the classroom. (emphasis added)

33. Notably, Defendant RCSD's own internal memorandum acknowledged that Plaintiff engaged in actions that were within the applicable policy.

34. On October 28, 2015, Plaintiff was asked to attend a meeting with Defendant Lott regarding the events that transpired on Monday. This was the first occasion Plaintiff had the opportunity to speak with Defendant Lott as he had been out of the State the prior two days.

35. Defendant Lott instructed Plaintiff that he was in a tough situation and that he believed he had no option but to terminate Plaintiff's employment. Lott concluded that he was going to let Plaintiff go as he had "no choice."

5

36.    Defendant Lott's remarks are completely contrary to the fact that Plaintiff' actions were completely within Defendant RCSD policy.

37.    On that same date, Lieutenant Curtis Wilson, Public Information Officer and Community Liaison for Defendant RCSD, issued a written news release to several news outlets, including, but not limited to: WLTX, WISCount on, WOLO-TV, Wach 57 News, 'on call reporter state', WIS, cola daily, and Ali O'Hara. The release provided:

   a. "Let me begin by stating that nothing I say today or in any other statements or actions should be construed to condone or justify some of the actions by Deputy Ben Fields at Spring Valley High School on Monday. Certain behavior by him is not what I expect of any of my deputies at any time and especially not in a school setting dealing with a female juvenile. I will not give any excuse for parts of his actions, nor attempt to justify them."

   b. "As in any incident videos only provide a snapshot of the event. In order to do a complete and thorough investigation we must look at the entire incident. This includes how we got to the incident."

   c. "The Sheriffs Departments responsibility is to conduct an internal investigation as to whether the deputy violated any policies of the sheriffs department."

   d. "As previously stated, Deputy Fields was placed on administrative suspension as soon as the incident and video was brought to my attention. Additionally, upon getting preliminary information on the incident I contacted the Special Agent in charge of the FBI in South Carolina on Monday. This call was to request the FBI conduct their investigation into the incident for any criminal violations."

e. "The Sheriffs department is fully cooperating with both of these agencies as they conduct their investigation and review."

f. Statements from the teacher and school administrator revealed that the student was disrupting the class and refused their instructions to leave class. SRO Fields was called and asked by the administrator to remove the student. The SRO attempted verbal commands and the student failed to follow the Deputy's instructions; at that time the deputy used physical force. <u>Both the teacher and school administrator voiced support for the SRO and his actions.</u>" (emphasis added)

g. "The third video shows the student striking Deputy Fields in the fact with her fist when his hand makes the initial contact with her arm. At that point the arrest escalates to Deputy Fields using force to arrest her. <u>In my opinion</u> Deputy Fields could have accomplished the arrest or handled the situation without some of the actions he did." (emphasis added)

h. "Our training unit verified that the maneuver was not based on training or acceptable. Based on his actions, Deputy Fields have been terminated as a Deputy Sheriff with the Richland County Sherriff's Department."

i. "Everyday these Deputies do a fantastic job building positive relationships with students, faculty and parents. Monday's actions by Deputy Fields was not typical of the job I, parents, schools, students and the community expect of our SROs."

j. "It is my responsibility now to continue the relationship and trust we have between the community and the sheriffs department. This is accomplished by first taking responsibility for any unapproved actions, act swiftly and with

7

transparency, publicly address the situation and request an independent agency to look at the incident. All of the above has either been done or is in the process of being accomplished. I have reached out to numerous elected officials to include local, state and federal as well as religious leaders."

k. "They need to understand sometimes mistakes are made by students and those that wear the badge of a law enforcement officer."

38. These statements were shared by Defendant RCSD to the public at large within two (2) days of the initial event having occurred and despite knowledge that Plaintiff's actions were entirely within the policy.

39. Corresponding to his termination from Defendant RCSD, Plaintiff was terminated from his employment with Defendant Richland Two.

40. Plaintiff has never been changed with any wrongdoing, criminal or otherwise, from any state or federal agency. Upon information and belief, it has been determined by several agencies that Plaintiff's actions were entirely permissible.

41. Plaintiff must now seek subsequent employment with his record tarnished and his reputation ruined. Plaintiff also had his law enforcement certification questioned; requiring the Plaintiff to return to the South Carolina Criminal Justice Academy before he can resume employment in law enforcement.

### FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT RCSD
### (Defamation)

42. Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

8

43. At all times herein the Defendant RCSD knew or should have known the allegations and charges surrounding Plaintiff's termination were baseless in fact, false, and recklessly disregarded the truth in taking personnel action against the Plaintiff.

44. The accusations of the Defendant, including, but not limited to, accusing the Plaintiff of violating policy and engaging in an inappropriate and egregious conduct, as referenced herein, and actions associated therewith have defamed the Plaintiff by word and act.

45. Such statements were false, known to be false, and maliciously published by the Defendant to the Plaintiff's former co-workers, news media, and members of the general public. Such publication was made with malice, mean-spirit, and without justification.

46. Further, such statements are defamatory *per se* as they accuse the Plaintiff of violating a criminal law as well as incompetence in his profession.

47. The Plaintiff has suffered severe reputational loss both professionally and personally; the Defendant caused and is liable to him for the same.

48. As a direct and proximate result of the defamatory conduct, the Plaintiff has suffered reputational loss, been embarrassed, humiliated, and has sustained mental anguish. The Plaintiff is entitled to an award of actual damages against Defendant RCSD, in an amount determined by a jury. The Plaintiff is further entitled to an award of reasonable attorney's fees and costs for this action.

### FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT RCSD
(Negligence, Gross Negligence, Recklessness and Willfulness)

49. Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

50. Defendant, as both Plaintiff's employer and a law enforcement agency, owed a clear duty to Plaintiff to fully and completely conduct an investigation into Plaintiff's actions on October 27, 2015.

51. Defendant further owed a duty to Plaintiff to fairly and honestly report the findings of such an investigation to the media and public at large.

52. Defendant breached its duty by failing to conduct any investigation prior to taking the influential action of terminating Plaintiff's employment. As set forth herein, Defendant made such a determination less than two (2) days after the incident in question and after having only initiated an investigation, if any.

53. Defendant was further negligent in failing to properly advise and report to the media and public at large that Plaintiff's actions fell squarely within the policy maintained by Defendant RCSD. Moreover, and notwithstanding, Defendant failed to acknowledge its position that the use of a Taser and/or Canine was preferred.

54. As a direct and proximate result of the negligence on the part of Defendant RCSD, the Plaintiff is entitled to an award in an amount equal to the sum of his actual damages, including sever emotional distress and anguish. The Plaintiff is further entitled to an award of reasonable attorney's fees and costs for this action.

### FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT RCSD
(Public Policy Discharge)

55. Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

56.     There is a public policy in this State that if an employer is going to adopt internal policies and procedures that such policies should be applied uniformly and equally among all employees so employed.

57.     Defendant RCSD maintains a policy concerning its law enforcement officers and the actions to be carried out when placed in various situations. Defendant RCSD identifies this policy as Policy 601.

58.     That Policy 601 provided that Plaintiff's actions were entirely permissible when he engaged in soft empty hand control and subsequently hard empty hand control after the subject student engaged in Defensive Resistance, Active Aggression, and ultimately struck Plaintiff's person.

59.     It is therefore the public policy of this State that an employees should not be terminated for an alleged violation of a company policy when the company is fully aware that no such violation occurred.

60.     Additionally, it is the public policy of this State that an employer should not distribute false and misleading accusations against an employee; especially when such accusations accuse the employee of a crime.

61.     Plaintiff is informed and believes he is entitled to a judgment against the Defendant RCSD in an amount equal to the sum of his actual damages, including embarrassment and suffering. The Plaintiff is further entitled to an award of reasonable attorney's fees and costs for this action.

## FOR A FOURTH AND SEPARATE CAUSE OF ACTION
## AGAINST DEFENDANT RICHLAND TWO
### (Defamation)

62. Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

63. At all times herein the Defendant Richland Two knew or should have known the allegations and charges surrounding Plaintiff's conduct and termination were baseless in fact, false, and recklessly disregarded the truth in taking personnel action against the Plaintiff.

64. The accusations of the Defendant, including, but not limited to, engaging in an inappropriate and egregious conduct and otherwise adopting a position that Plaintiff violated policy, as referenced herein, and actions associated therewith have defamed the Plaintiff by word and act.

65. Such statements were false, known to be false, and maliciously published by the Defendant to the Plaintiff's former co-workers and members of the general public. Such publication was made with malice, mean-spirit, and without justification.

66. Defendant Richland Two was fully aware that its employees, Webb and Long, both of whom were present during the event in question stood by and supported Plaintiff's actions; however, Defendant Richland Two withheld and failed to acknowledge the same.

67. Further, such statements are defamatory *per se* as they accuse the Plaintiff of violating a criminal law as well as incompetence in his profession.

68. The Plaintiff has suffered severe reputational loss both professionally and personally; the Defendant caused and is liable to him for the same.

69. As a direct and proximate result of the defamatory conduct, the Plaintiff has suffered reputational loss, been embarrassed, humiliated, and has sustained mental anguish. The

12

Plaintiff is entitled to an award of actual damages against Defendant Richland Two, in an amount determined by a jury. The Plaintiff is further entitled to an award of reasonable attorney's fees and costs for this action.

### FOR A FIFTH AND SEPARATE CAUSE OF ACTION AGAINST DEFENDANT RICHLAND TWO
(Negligence, Gross Negligence, Recklessness and Willfulness)

70. Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

71. Defendant, as both Plaintiff's employer and a public school responsible a safe and productive learning environment, owed a clear duty to Plaintiff and the students and parents within the District to fully and completely conduct an investigation into Plaintiff's actions on October 27, 2015.

72. Defendant further owed a duty to Plaintiff to fairly and honestly report the findings of such an investigation to the media and public at large.

73. Defendant breached its duty by failing to conduct any investigation, let alone consider the statements of its employees who were present at the time, prior to taking the influential action of terminating Plaintiff's employment. As set forth herein, Defendant made such a determination less than two (2) days after the incident in question and after having only initiated an investigation, if any.

74. Defendant was further negligent in failing to properly advise and report to the media and public at large that Plaintiff's actions were not only supported by its employees who were present, but for failing to take sufficient action against the subject student.

75. As a direct and proximate result of the negligence on the part of Defendant Richland Two, the Plaintiff is entitled to an award in an amount equal to the sum of his actual

13

damages, including severe emotional distress and anguish. The Plaintiff is further entitled to an award of reasonable attorney's fees and costs for this action.

### FOR A SIXTH AND SEPARATE CAUSE OF ACTION
### AGAINST DEFENDANTS RCSD AND LOTT
(Violation of 42 U.S.C. § 1983)

76.     Plaintiff realleges the paragraphs above as if set forth herein verbatim, where not inconsistent herewith.

77.     Acting under color of state law and with authority as Sheriff, Defendants RCSD and Lott disparately treated Plaintiff on the basis of his race.

78.     Plaintiff was terminated from him job and otherwise treated disparately with respect to the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1983.

79.     The unlawful conduct particularly implicated herein includes, but is not limited to: intentionally disadvantaging white employees in matters involving black individuals and disparate treatment to white employees with regard to the terms and conditions of their employment, and unequal treatment with regards to decisions to hire and fire.

80.     The Defendants RCSD and Lott have directly and proximately caused the Plaintiff damages and are liable, jointly and severally, to Plaintiff for loss of income, earning capacity, back pay, front pay, lost benefits both prospective and retroactive, pain and suffering, emotional distress, mental suffering, and humiliation. Plaintiff is also entitled to the reasonable attorney's fees and costs of this action in accord with 42 U.S.C. § 1988(b) and S.C. Code Ann. § 15-77-300. Plaintiff is further entitled to pre-judgment interest on all damages awarded, and punitive damages against Defendant Lott.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, herein for actual damages in an amount to be determined by a jury. Plaintiff also prays for attorney's fees, where applicable, for costs of this action, and for any such other and further relief as this Court deems just and proper.

CROMER BABB PORTER & HICKS, LLC

BY: _____
J. Lewis Cromer (#1470)
Ryan K. Hicks (#100941)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone 803-799-9530
Fax    803-799-9533

*Attorneys for Plaintiff*

January 9, 2017
Columbia, South Carolina

15