# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| Benjamin P. Fields, ) | |
| ) | Civil Action No.: 3:17-cv-0443-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Richland County Sheriff's Department, ) | |
| Richland School District Two, Leon Lott, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Benjamin Fields ("Plaintiff"), brought the underlying action against Defendants Richland County Sheriff's Department ("RCSD"), Richland School District Two ("Richland Two"), and Sheriff Leon Lott ("Lott") (" together Defendants"). Plaintiff alleges against RCSD state law claims of defamation (First Cause of Action); negligence, gross negligence, recklessness, and willfulness (Second Cause of Action); and public policy discharge (Third Cause of Action). Plaintiff also asserts causes of action against Richland Two for defamation (Fourth Cause of Action); and negligence, gross negligence, recklessness, and willfulness (Fifth Cause of Action). Finally, Plaintiff alleges a cause of action for race discrimination in violation of 42 U.S.C. § 1983 against RCSD and Defendant Lott (Sixth Cause of Action). ECF No. 1-1. Plaintiff originally brought his claims before the Richland County, South Carolina, Court of Common Pleas. *Id.* On February 13, 2017, Defendants RCSD and Lott removed the suit to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1441(a) and (b).

Defendants Lott and RCSD filed a motion to dismiss on February 13, 2017. Richland

Two filed a motion to dismiss on February 21, 2017. ECF Nos. 4, 7. Plaintiff filed a response in opposition on March 9, 2017 and March 10, 2017, respectively, to which Defendants filed replies on March 15, 2017 and March 16, 2017, respectively. ECF Nos. 13, 14, 15, 17. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed July 17, 2017. ECF No. 21.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former employee of RCSD where he was hired as a law enforcement officer in January 2004. ECF No. 1-1 ¶ 7. For approximately seven years, Plaintiff served as a School Resource Officer at Spring Valley High School in Columbia, South Carolina. *Id.* Plaintiff claims that prior to the underlying incident, he maintained "an exemplary record with Defendant RCSD; he had not received any formal write-ups or reprimands and had been exonerated from all prior complaints if any." ECF No. 1-1 ¶ 8. Plaintiff was also employed by Defendant Richland Two as a conditioning teacher and football coach, where he received compensation and retirement benefits. ECF No. 1-1 ¶ 11.

On October 26, 2015, an Assistant Administrator with Spring Valley High School requested assistance from a School Resource Officer in response to a disruptive student. ECF No. 1-1 ¶ 12. At the time, Plaintiff was one of two resource officers at the school. ECF No. 1-1 ¶ 9. Plaintiff responded to the classroom to speak with the student and the teacher. ECF No. 1-1 ¶ 15. Plaintiff was told that the student kept pulling out her cell phone during class despite requests from the teacher to put the phone away. ECF No. 1-1 ¶ 13.

Plaintiff notes that he recognized the student in question from previous issues of

disruption and as he approached the student, he stated to her that "she knew him," "they could work this out," and "for her to come with him." ECF No. 1-1 ¶¶ 16, 17, 18. The student refused to cooperate. *Id.* Next, "Plaintiff [] engaged in soft empty hand control in an attempt to remove the subject student from the desk so he could remove her from class." ECF No. 1-1 ¶ 19. As he attempted to remove the student, "the student began to fight back, including striking Plaintiff in his face. Plaintiff then brought the student to front of the classroom and placed her under arrest." ECF No. 1-1 ¶ 20.[1]

Following the incident, Plaintiff met with the student in his office and completed required paperwork and incident reports pursuant to RCSD policy. ECF No. 1-1 ¶ 22. The student apologized, and said that she "was having a bad morning." ECF No. 1-1 ¶ 23. Subsequently, the student's guardian arrived at school and took her home. It was Plaintiff's belief and understanding that the student would be expelled. ECF No. 1-1 ¶ 24.

Plaintiff resumed his job duties and reported to football practice in the afternoon, after which he was asked to attend a meeting with the principal and Plaintiff's supervisor, Captain Jon Ewing. ECF No. 1-1 ¶¶ 25, 26, 27. During the meeting, Plaintiff was informed that Internal Affairs planned to conduct a brief investigation and that Plaintiff should return to the school the following day. *Id.*

In response to the widespread sharing of a video of the incident taken by another student, Lott appeared on the evening news and stated that Plaintiff had been placed on suspension without pay pending an investigation. ECF No. 1-1 ¶ 29. Plaintiff had not been informed of the

---

[1] Plaintiff notes "a video exists and has previously been produced by media outlets showing parts of the interaction." ECF No. 1-1 ¶ 21. The court relies solely on Plaintiff's Complaint when reciting the underlying factual allegations.

3

suspension. *Id.* Later, Plaintiff was contacted by Captain Ewing and instructed to report to headquarters in full uniform the following morning. ECF No. 1-1 ¶ 30. At a meeting the next day, Plaintiff was informed that he would be placed on desk duty during the investigation. Plaintiff instead chose to take personal leave. ECF No. 1-1 ¶ 31.

On October 27, 2015, Captain Flowers, the Training Captain, prepared a memorandum concerning the incident involving Plaintiff the prior day. The memorandum provided, in pertinent part:

> When S/Dep. Fields approached [the subject student], she demonstrated Verbal Non-Compliance by refusing to get up and saying she was not under arrest. According to Policy 601 Fields had the option of using verbal warning, OC, Taser or soft empty hand control. Fields responded with what appeared to be soft empty hand control in the form of an arm bar (attempting to pull her out of her desk). At that time, [subject student] started to pull away, push the desk backwards and even appeared to strike Fields in the neck area. This is, at the very least, Defensive Resistance, and possibly Active Aggression. According to policy, Fields had the option of using OC, Taser, soft empty hand control, hard empty hand control, or Canine. Fields responded with a takedown, which is hard empty hand control. Once down on the ground, Fields appeared to pull her away from the desk and throw her towards the front of the classroom.

ECF No. 1-1 ¶ 32.

On October 28, 2015, Plaintiff was asked to meet with Defendant Lott to discuss the events that had transpired. ECF No. 1-1 ¶ 33. This meeting was the first time Plaintiff had the opportunity to speak with Defendant Lott as Lott had been out of the State the prior two days. ECF No. 1-1 ¶ 34. Defendant Lott told Plaintiff "[h]e was in a tough situation and that he believed he had no option but to terminate Plaintiff's employment." ECF No. 1-1 ¶ 35. As a result, Plaintiff was terminated from both his position with the RCSD and Richland Two.

## II. LEGAL STANDARDS

*A.     Motion to Dismiss*

A Rule12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455,489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007)(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009).  The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion.  *Id.* at 679.  If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted.  *Id.*  To determine plausibility, courts are to "draw on its judicial experience and common sense." *Id.*  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not 'show[n]'---'that the pleader is entitled to relief." *Id.* (citing Fed. Rule Civ. P. 8(a)(2)).

*B.     Magistrate Judge Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which

only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

Plaintiff's complaint includes both federal and state law claims. The Magistrate Judge recommends that this court dismiss the underlying federal claim and decline to exercise supplemental jurisdiction over the subsequent state claims. As a result, the court will first address Plaintiff's federal claim.

**A.**  ***Plaintiff's Racial Discrimination Claims Pursuant to 42 U.S.C. § 1983***

In his sixth cause of action against Lott and RCSD, Plaintiff asserts that he was "terminated from his job and otherwise treated disparately with respect to the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1983." ECF No. 1-1 ¶ 78. Plaintiff continues, "The unlawful conduct particularly implicated herein includes, but is not limited to: intentionally disadvantaging white employees in matters involving black individuals and disparate treatment to white employees with regard to the terms and conditions of their employment, and unequal treatment with regards to decisions to hire and fire." ECF No. 1-1 ¶ 79.

Defendants move to dismiss Plaintiff's racial discrimination claim on two theories: (1) RCSD is not a "person" subject to suit under 42 U.S.C. § 1983, and (2) no factually plausible claim was alleged against Defendant Lott individually. In his response in opposition to Defendants' motion to dismiss, Plaintiff concedes that his claim "cannot survive against

Defendant RCSD." ECF No. 13 at 8, n. 6. Plaintiff does dispute, however, that he has failed to establish a claim for racial discrimination against Defendant Lott. Indeed, Plaintiff argues that his claim of racial discrimination is sufficient because it alleges: "(1) Plaintiff is a white male; (2) Plaintiff was subjected to disparate treatment as compared to black individuals; and (3) such treatment caused Plaintiff damages." *Id.* at 8-9.

As an alternative, Plaintiff requests leave of court to amend his complaint to plead additional facts in furtherance of his § 1983 claims against Defendant Lott. *Id*. at 9, n. 8. Defendants challenge this request, arguing, "Plaintiff has alleged no more than what the Fourth Circuit has already found insufficient to withstand a Rule 12(b)(6) motion, [therefore] his § 1983 claim for race discrimination against Sheriff Lott must be dismissed." ECF No. 15 at. 8. Specifically, Defendants point out that "Plaintiff's allegations that he is a white male, was treated differently than black employees and was damaged simply do not suffice to state a factually plausible claim that Sheriff Lott treated Plaintiff worse than 'comparable' black deputies because of Plaintiff's race." *Id.* at 7. Defendants posit that Fourth Circuit precedent "has made it clear that, in post- *Twombly* and *Iqbal* era, factually unsupported allegations that the plaintiff was subjected to disparate treatment by the defendant employer because of race are no longer sufficient to withstand a motion to dismiss." *Id.* at 8 (citing *Coleman v. Maryland Court of Appeals*, 626 F.3d 187 (4th Cir. 2010); *Francis v. Giacomelli*, 588 F.3d 186, 195-196 (4th Cir. 2009)).

> The Magistrate Judge agreed with Defendants' arguments, finding:
> 
> Plaintiff fails to include any factual allegations that point to any discriminatory intent on the part of Lott. There are no factual allegations in the complaint regarding Plaintiff's race, the disruptive student's race, or Sheriff Lott's race. Reading the factual allegations alone would not put Defendants (or any other person) on notice that Plaintiff was alleging Sheriff Lott discriminated against

7

> him because of his race. Even though Plaintiff uses the phrase "intentionally disadvantaging white employees in matters involving black individuals". . . these conclusory legal statements amount to little more than "unadorned, the defendant-unlawfully-harmed-me accusations."

ECF No. 21 at 6-7.

In his Objections to the Report, Plaintiff argues that the Magistrate Judge erred by not allowing Plaintiff to amend his complaint to further support his § 1983 claim. ECF No. 23. Plaintiff consents to the dismissal of his § 1983 claim against RCSD, but maintains that he successfully pleaded a cause of action for violation of § 1983 against Defendant Lott. *Id.* at 3. Plaintiff contends that, to the extent the court disagrees, he is readily able to plead additional allegations in support of his cause of action against Defendant Lott.

Plaintiffs who allege violations pursuant to § 1983 must establish: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). State officials sued in their individual capacities are "persons" within the meaning of § 1983. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). The Fourth Circuit has held that a complaint that conclusorily alleges a plaintiff is terminated based on his race does not "assert facts establishing the plausibility of that allegation." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010). Facts that fail to show the plaintiff's race was the true basis for his termination, or that similarly situated individuals of the opposite race were treated differently, barely rise above speculation. *Id.*

The court agrees with the Magistrate Judge that Plaintiff fails to allege sufficient facts to state a claim of race discrimination under § 1983 that is plausible on its face. ECF No. 21 at 7. However, pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading with leave of the

court. Indeed, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Finding none of the aforementioned barriers to relief present in this case, the court will grant leave to Plaintiff to file an amended complaint.

### B. *Plaintiff's State Law Claims*

Defendants Lott, RCSD, and Richland Two moved to dismiss all state law claims on the merits. The Magistrate Judge recommended that the court decline to exercise supplemental jurisdiction over the state law claims after dismissing Plaintiff's underlying federal claim. ECF No. 21 at 8. As this court has granted Plaintiff leave to amend his complaint, Defendants' motions to dismiss are denied as moot as to Plaintiff's state law claims. Should Defendants reassert their motions to dismiss, the court will make a determination about the state law claims at that time.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's request to amend the complaint. An amended complaint should be filed no later than September 12, 2017. Defendants RCSD and Lott's motion to dismiss is **GRANTED** in part as to Plaintiff's § 1983 claim against RCSD, **DENIED** in part as to Plaintiff's § 1983 claim against Defendant Lott, and **DENIED AS MOOT** and **WITHOUT PREJUDICE** as to Plaintiff's state law claims. Richland Two's motion to dismiss the state law claims is **DENIED AS MOOT** and **WITHOUT PREJUDICE**. The matter is recommitted to the Magistrate Judge for additional pretrial

handling.

       **IT IS SO ORDERED.**

                                            /s/ Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina

August 30, 2017