

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BENJAMIN P. FIELDS,<br>  Plaintiff,<br><br>vs.<br><br>RICHLAND COUNTY SHERIFF'S<br>DEPARTMENT, RICHLAND SCHOOL<br>DISTRICT TWO, and LEON LOTT,<br>  Defendants. | §<br>§<br>§<br>§  CIVIL ACTION 3:17-0443-MGL-TER<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT RICHLAND COUNTY SHERIFF'S DEPARTMENT'S
AND DEFENDANT RICHLAND SCHOOL DISTRICT TWO'S MOTIONS TO DISMISS**

This case arises out of Plaintiff Benjamin P. Fields's (Fields) employment with the Richland County Sheriff's Department (the Sheriff's Department) as a a School Resource Officer at Spring Valley High School (SVHS), one of Defendant Richland School District Two's (the School District) schools. Fields was also employed by the School District as a conditioning teacher and football coach.

The genesis of Fields's complaint concerns an altercation he had with an allegedly recalcitrant student at SVHS. Fields was fired for purportedly mishandling the situation.

Fields brings the following six causes of action against the Sheriff's Department and the School District in his amended complaint: (1) defamation against the Sheriff's Department, (2) negligence, gross negligence, recklessness and willfulness against the Sheriff's Department; (3) public policy discharge against the Sheriff's Department; (4) defamation against the School District;

(5) negligence, gross negligence, recklessness and willfulness against the School District; and (6) a violation of 42 U.S.C. § 1983 against Defendant Leon Lott (Lott). The motions to dismiss concern all Fields's claims, with the exception of his § 1983 claim against Lott.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Sheriff's Department's and the School District's motions to dismiss be granted and these two defendants be dismissed from the action. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or11 recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 25, 2018, Fields filed his objections on June 8, 2018, and the Sheriff's Department and the School District filed their replies to the objections on June 22, 2018. The Court has reviewed the objections, but holds them to be without merit. It will, therefore, enter judgment accordingly.

First, Fields argues the Magistrate Judge erred in suggesting the Court dismiss his defamation claims against the Sheriff's Department and the School District. The Court disagrees.

"The tort of defamation allows a plaintiff to recover for injury to [his] reputation as the result of the defendant's communication to others of a false message about the plaintiff." *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 501 (S.C. 1998). Fields alleges both the Sheriff's

Department and the School District defamed him by accusing him of "engaging in . . . inappropriate and egregious conduct[.]" Amended Complaint ¶ 45, 65.

There is no dispute Fields is a public figure. Consequently, to establish his defamation claims, Fields must demonstrate the defendants acted with actual malice in defaming him. *See New York Times*, 376 U.S. 254, 279–80 (1964). Actual malice is present when one makes a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* Actual malice under the *New York Times* standard is not to "be confused with the concept of [common law] malice as an evil intent or a motive arising from spite or ill will." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991).

The problem with Fields's defamations claims is this: even if he is able to show actual malice under the *New York Times* standard, the South Carolina Torts Claim Act (SCTCA or the Act) bars his recovery from the Sheriff's Department and the School District. *See* S.C. Code Ann. § 15-78-60(17)**.** This is so because of the plain language of the statute, which states "[t]he governmental entity is not liable for a loss resulting from . . . employee conduct . . . which constitutes . . . actual malice[.]" Further, as the Magistrate Judge recognized, the South Carolina Court of Appeals has held "[t]he SCTCA clearly excludes a governmental entity's liability for an individual's loss stemming from a state employee's conduct that constitutes actual malice. . . . [T[herefore[,] . . . the SCTCA bars [the plaintiff's] slander claim against the [governmental entity] because [the plaintiff] must prove the [governmental entity] employee's conduct constituted actual malice in order to recover on [the defamation] claim." *Gause v. Doe*, 451 S.E.2d 408, 409 (S.C. Ct. App. 1994).

Fields argues the Magistrate Judge erred in relying on *Gause* when suggesting the Court dismiss his defamation claims. Objections 5. The argument is wholly without merit. *Gause* is directly on point.

3

In that case, the South Carolina Court of Appeals applied the *New York Times* standard of actual malice in determining the Myrtle Beach Police Department was not liable under the SCTCA for a defamation claim raised by a public official:

> In a case involving the defamation of a public official, the plaintiff must prove the defendant acted with actual malice. *Sanders v. Prince*, 304 S.C. 236, 403 S.E.2d640 (1991). To meet this standard, the plaintiff must show either that the defendant knew the statement was false or that the defendant made the statement with reckless disregard of its falsity. *Id.* (citing *New York Times Co. v. Sullivan*, 376 U.S.254,84 S.Ct. 710, 11 L.Ed.2d 686 (1964)).

*Gause*, 451 S.E.2d at 409.

Nevertheless, according to Fields, "[w]hat the Report and Recommendation fails to consider in [relying on *Gause*] . . . is that *Gause* is a 1994 South Carolina Court of Appeals Opinion that remains subject to U.S. Supreme Court and/or South Carolina Supreme Court analysis on the issue." Objections 5. With this statement, Fields appears to be asking the Court to ignore this South Carolina Court of Appeals opinion.

But, this court "must rule as the [South] Carolina courts would, . . . departing from an intermediate court's fully reasoned holding as to state law only if convinced that the state's highest court would not follow that holding." *Iodice v. United States*, 289 F.3d 270, 275 (4th Cir.2002) (internal quotation marks and alteration omitted). *Gause* is a "fully reasoned holding as to state [defamation] law" and the Court is unpersuaded the South Carolina Supreme Court would not follow the holding in *Gause*. It is also for those reasons the Court need not grant Fields's request to certify this question to the South Carolina Supreme Court.

Fields also asserts the Magistrate Judge failed to "accurately correlate[ ] the term 'actual malice' as found in the SCTCA with the 'malice' (i.e. constitutional malice) standard identified in *Times*." Objections 5. According to Fields, the definition employed by the Magistrate Judge "is not

4

in line with the malice standard set forth in *Times* and therefore dismissal of [Fields's] claim on this basis is misguided." *Id*. This is simply not so.

The *Gause* court applied the *New York Times* definition of actual malice to the SCTCA's use of the term and, in so doing, held the plaintiff's defamation claim was barred by the Act. Fields's defamation claim is no different. Accordingly, the Court will overrule this objection.

In Fields's second objection, he contends the Magistrate Judge erred in recommending the Court dismiss his claims for negligence, gross negligence, recklessness, and willfulness. The Court is unpersuaded.

To establish these claims, a plaintiff must demonstrate the defendant owed to him a duty of care. *See Solanki v. Wal-Mart Store*, 763 S.E.2d 615, 619 (S.C. Ct. App. 2014). Fields contends the Sheriff's Department and the School District "engaged in special circumstances–in releasing statements and press releases–concerning [Fields], his actions, and his employment, wherein a duty was created between the respective Defendants and Plaintiff." Objections 7.

Fields neglects to direct the Court to the source of the alleged duty the Sheriff's Department and the School District owed to him–be it statutory, common law, contract, status, property interest, or something else; and the Court has been unable to locate one. Saying special circumstances created the duty, without more, is not enough.

Fields also claims the "voluntary actions of making a statement pertaining to [Fields] and his employment," Objections 7, created a duty of care. It is well-established law that "one who assumes to act, even though under no obligation to do so, thereby becomes obligated to act with due care." *Miller v. City of Camden*, 451 S.E.2d 401, 404 (S.C. Ct. App. 1994). But, Fields fails to explain how the making of statements creates such a duty. Consequently, the Court will also overrule this objection.

5

Third, according to Fields, the Magistrate Judge erred in concluding the Court should dismiss his public-policy discharge claim against the Sheriff's Department. The Court is unconvinced.

Fields claims the Sheriff's Department terminated his employment, even though he complied with internal policy, specifically Policy 601. Fields states "Policy 601 sets forth a clear mandate of the actions and procedures to be carried out by its officers in various situations. In the instant matter, Policy 601 established that Plaintiff's actions at [SVHS], which [the Sheriff's Department] cited repeatedly as a violation, were entirely permissible under the policy." Objections 9. With this argument, Fields attempts to get around the fact that he was an at-will employee, which means an employer is able to terminate an employee for good reason, bad reason, or no reason at all without incurring any liability. *Culler v. Blue Ridge Elec. Corp.*, 422 S.E.2d 91,92 (S.C. 1992).

Although the South Carolina Supreme Court has recognized a "public policy" exception to the "at will" doctrine, *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 91, 92 (S.C. 1985), Fields fails to direct the Court to any statute, constitutional provision, or judicial decision supporting his claim the "public policy" described in *Ludwick* is violated when an employee is discharged, despite following internal policies.

And besides, a deputy such as Fields "serves at the sheriff's pleasure." *Botchie v. O'Dowd*, 432 S.E.2d 458, 460 (1993) (citing S.C. Code Ann. § 23–13–10). "A sheriff may not compromise his statutory authority to discharge deputies at his discretion." *Id*. Even an employee handbook containing a grievance procedure is insufficient to overcome the dictates of a statute such as § 23–13–10. *See Jenkins v. Weatherholtz*, 909 F.2d 105 (4th Cir.1990). "To hold otherwise renders the language of § 23–13–10 meaningless and eviscerates the sheriff's ability to discharge deputies at his 'pleasure.'" *Botchie*, 432 S.E.2d at 460. Therefore, even if Fields were successful in arguing his termination offends public policy, he remains unable to overcome the fact he "serves at the sheriff's pleasure." *Id*. Hence, the Court will overrule this objection as well.

6

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Fields's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court the Sheriff's Department's and the School District's motions to dismiss are **GRANTED** and these two defendants are **DISMISSED** from the action. Accordingly, the only remaining claim is Fields's § 1983 claim against Lott.

**IT IS SO ORDERED**.

Signed this 22nd day of August, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
