

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BENJAMIN P. FIELDS,<br>　　　　Plaintiff,<br><br>vs.<br><br>RICHLAND COUNTY,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION 3:17-0443-MGL-TER |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS
AND TO DISMISS,
AND DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

**I.　INTRODUCTION**

This action arises out of Plaintiff Benjamin P. Fields's (Fields) employment with the Richland County Sheriff's Department. In the Court's previous order, it dismissed all but Fields's claim of race discrimination in violation of 42 U.S.C. § 1983. Pending before the Court are Defendant Richland County's (Richland County) motions for judgment on the pleadings and to dismiss, and Fields's motion to enforce settlement.

Having considered the motions, the responses, the record, and the relevant law, the Court will grant Richland County's motions for judgment on the pleadings and to dismiss, and dismiss without prejudice Fields's motion to enforce settlement.

## II. PROCEDURAL HISTORY

Fields filed the complaint in this matter in the Richland County Court of Common Pleas against Defendants Richland County Sheriff's Department (RCSD), Richland County School District Two (School District), and Sheriff Leon Lott (Lott) (collectively, Defendants). Defendants subsequently removed the case to this Court. Following a second motion to dismiss by the RCSD and the School District, the Court entered an Order dismissing these two defendants from the action. At that time, the only remaining claim was a § 1983 cause of action against Lott.

Fields's counsel thereafter filed an unopposed motion to amend the first amended complaint. Therein, Fields sought to amend the complaint to, among other things, name Richland County as a defendant to Fields's § 1983 claim. The Magistrate Judge granted the motion to amend. Pursuant to the order, the Clerk of Court filed Fields's second amended complaint.

Although the Court had already dismissed RCSD and the School District from this lawsuit, Fields then filed a stipulation of dismissal with prejudice as to the RCSD, the School District, and Lott. Accordingly, Richland County is the only defendant to this action and the only claim asserted against it is Fields's § 1983 cause of action.

Richland County subsequently filed an answer as well as motions for judgment on the pleadings and to dismiss. Fields then filed a motion for settlement in which he argued he reached a settlement agreement with Richland County prior to Richland County being added as a party to this lawsuit.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the pending motions.

## III. STANDARD OF REVIEW

The defense of failure to state a claim upon which relief can be granted, set forth under Fed. R. Civ. P. 12(b)(6), can also be made via a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). Stated differently, a Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss made under Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive the motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in favor of the nonmoving party. *Burbach*, 278 F.3d at 406. Conclusory allegations pled in the complaint are undeserving of an assumption of truth and should be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. *Whether Fields has raised a viable claim against Richland County*

In Fields's second amended complaint, he, a white male, alleges "Defendants Richland County and Lott disparately treated [him] on the basis of his race." Amended Complaint ¶ 79. Fields maintains he was required to intervene and remove a black female student from a classroom when the student was disruptive and refused to comply with repetitive requests. *Id.* ¶ 80. He further states

his actions were within RCSD's policy; yet, Lott terminated his employment because the incident had given rise to extreme public scrutiny due to the fact the student was a black female. *Id.* ¶¶ 82-83. According to Fields, his termination was based on race in violation of § 1983 and Richland County and Lott are liable. *Id.* at ¶¶ 85-86.

Richland County contends a sheriff's deputy such as Fields is not an employee of the county under South Carolina Law. As such, it maintains it is not liable under Section 1983 for Fields's termination by Lott, the sheriff.

It is well-settled "under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees." *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010). "[A] deputy serves at his sheriff's pleasure." *Heath v. Aiken County*, 368 S.E.2d 904, 905, (S.C. 1988). Indeed, any settlement amount payed to Fields would be paid by the South Carolina State Insurance Reserve Fund, not Richland County. *See Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Fields fails to argue he has a feasible § 1983 claim against Richland County. Instead, he states a ruling on Richland County's motions is premature because the parties agreed to a settlement of this matter and the Court should rule on his motion to enforce settlement prior to considering Richland County's motions.

Based upon the the Court's review of the record, including emails between Fields's counsel and counsel for Lott, it appears Fields added Richland County as a party to this case for the sole purpose of facilitating a settlement agreement. Such an agreement, however, is an insufficient basis to stave off Richland County's motions for judgment on the pleadings and to dismiss.

Given there is no actionable claim against Richland County under § 1983 regarding Fields's termination, the Court concludes Fields has failed to state a claim upon which relief can be granted.

Thus, the Court will grant Richland County's motions on that basis. As such, the Court need not consider Richland County's additional arguments for dismissal.

### B. Whether the Court has jurisdiction to consider Fields's motion to enforce settlement

Fields asks the Court to exercise its inherent authority to grant his motion to enforce settlement. But, Richland County was not a party to the action at the time it reached the purported settlement with Fields. And, although this Court has the "inherent authority, deriving from [its] equity powers, to enforce settlement agreements" between parties in cases pending before it, *See Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002), "the inherent power of a district court to enforce settlement agreements, like any other power inherently vested in a federal court, presupposes the existence of federal jurisdiction over the case or controversy." *Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.*, 571 F.2d 1299, 1304 (4th Cir. 1978).

In *Fairfax*, the defendant, Fairfax County, Virginia (the County), entered into a settlement agreement with the plaintiff, Fairfax Countywide Citizens Association (the Association), terminating the civil rights action the Association had brought against the County. *Id.* at 1301. The orders of dismissal failed to mention the parties had entered into settlement agreements. *Id.* They also neglected to note the Court was approving the settlement agreement; and the agreement was not incorporated into the order. *Id.*

Several years later, the County repudiated the settlement agreement. *Id.* Thereafter, the Association asked the district court to enforce the settlement. *Id.* at 1302. Consequently, the court vacated its previous order of dismissal under Fed. R. Civ. P. 60(b)(6) and entered an order enforcing the settlement agreement. *Id.*

In reversing the district court's decision, the Fourth Circuit held that the settlement agreement was nothing more than a private contract between the parties. *Id.* at 1303 ("The settlement agreement between Association and County, while serving to terminate litigation of a federal claim, was a

private contract entered into after private negotiations between the parties.") Accordingly, although the district court had authority to enter an order vacating its prior dismissal of the action, it lacked jurisdiction to enter an order enforcing the settlement agreement. *Id*. 1302-03.

The *Fairfax* court noted there would also be no jurisdiction "if the parties had negotiated and entered into a settlement agreement prior to any litigation, and thereafter [a party], alleging breach of the agreement, sought to invoke federal jurisdiction to enforce it." *Id.* But, that is exactly what we have here.

Richland County was not a party in this lawsuit when Fields and Richland County allegedly reached a settlement. As such, Fields and Richland County purportedly reached a settlement prior to any litigation between them. Put differently, the settlement at issue here was not made between parties then in this case, but between Fields and, at the time of the negotiations and alleged settlement agreement, a non-party. Thus, the Court lacks subject matter jurisdiction to consider Fields's motion to enforce the settlement.

To be clear, this Court makes no determination herein as to the validity of the purported settlement agreement and further notes dismissal of this action does not leave Fields without an avenue for relief. In *Fairfax*, the Fourth Circuit held a plaintiff in similar circumstances had two available courses of action:

> He may take his contract claim to state court where he may seek enforcement of the settlement agreement. Because enforceability is likely to turn on questions of state law, the state court is an appropriate forum for resolving this dispute. Alternatively, the injured plaintiff may file a Rule 60(b)(6) motion in federal court, requesting that the prior dismissal order be vacated and the case restored to the court's trial docket. This restores the litigants to the status quo ante and allows the plaintiff to prove his case and obtain his relief on the merits of the underlying claim.

*Id.* at 1305-06 (footnote omitted).

## V. CONCLUSION

Based on the above discussion and analysis, it is the judgment of this Court Richland County's motions for judgment on the pleadings and to dismiss are **GRANTED**, and Fields's motion to enforce settlement is **DISMISSED WITHOUT PREJUDICE**. Any remaining motion is **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2020, in Columbia, South Carolina.

<u>/s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE